UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

LONZIE MAGGARD-OWEN          :
                                          :
and                                        :        CASE NO. 2:13-CV-169-WOB-CJS
                                          :
WILLIAM OWEN                    :
                                          :
              PLAINTIFFS        :
                                          :
v.                                         :
                                          :
GRANT COUNTY                    :        SECOND AMENDED COMPLAINT
DETENTION CENTER              :
SERVE BY CERTIFIED MAIL     :
Jailer Terry Peeples              :
Grant County Detention Center  :
212 Barnes Road                   :
Williamstown, KY 41097          :
                                          :
and                                        :
                                          :
GRANT COUNTY FISCAL COURT  :
SERVE BY CERTIFIED MAIL     :
Darrell L. Link                     :
Grant County Judge Executive  :
101 N. Main Street                :
Williamstown, KY 41097          :
                                          :
and                                        :
                                          :
JAILER TERRY PEEPLES         :
individually, and in his capacity  :
as the Jailer of the Grant County  :
Detention Center                   :
SERVE BY CERTIFIED MAIL     :
Grant County Detention Center  :
212 Barnes Road                   :
Williamstown, KY 41097          :
                                          :
and                                        :
                                          :
DEPUTY AUDRA NAPIER         :
individually, and in her capacity  :

**as a staff member of the Grant**          :
**County Detention Center**                 :
**SERVE BY CERTIFIED MAIL**                  :
**Grant County Detention Center**           :
**212 Barnes Road**                         :
**Williamstown, KY 41097**                  :
                                            :
**and**                                     :
                                            :
**DEPUTY STEPHANIE COOPER**                 :
**individually, and in her capacity**       :
**as a staff member of the Grant**          :
**County Detention Center**                 :
**SERVE BY CERTIFIED MAIL**                  :
**Grant County Detention Center**           :
**212 Barnes Road**                         :
**Williamstown, KY 41097**                  :
                                            :
**and**                                     :
                                            :
**DEPUTY DUSTIN MADDEN**                     :
**individually, and in his capacity**       :
**as a staff member of the Grant**          :
**County Detention Center**                 :
**SERVE BY CERTIFIED MAIL**                  :
**Grant County Detention Center**           :
**212 Barnes Road**                         :
**Williamstown, KY 41097**                  :
                                            :
**and**                                     :
                                            :
**DEPUTY SHANE HENSLEY**                     :
**individually, and in her capacity**       :
**as a staff member of the Grant**          :
**County Detention Center**                 :
**SERVE BY CERTIFIED MAIL**                  :
**Grant County Detention Center**           :
**212 Barnes Road**                         :
**Williamstown, KY 41097**                  :
                                            :
**and**                                     :
                                            :
**DEPUTY SHEILA WHILEY**                     :
**individually, and in her capacity**       :
**as a staff member of the Grant**          :
**County Detention Center**                 :

2

**SERVE BY CERTIFIED MAIL**   :
**Grant County Detention Center**  :
**212 Barnes Road**      :
**Williamstown, KY 41097**   :
             :
**and**           :
             :
**DEPUTY JASON HANKINS**   :
**individually, and in his capacity** :
**as a staff member of the Grant**  :
**County Detention Center**    :
**SERVE BY CERTIFIED MAIL**   :
**Grant County Detention Center**  :
**212 Barnes Road**      :
**Williamstown, KY 41097**   :
             :
**and**           :
             :
**DEPUTY McCARTHY**     :
**individually, and in his capacity** :
**as a staff member of the Grant**  :
**County Detention Center**    :
**SERVE BY CERTIFIED MAIL**   :
**Grant County Detention Center**  :
**212 Barnes Road**      :
**Williamstown, KY 41097**   :
             :
**and**           :
             :
**DEPUTY RICHARD CLISE**   :
**individually, and in his capacity** :
**as a staff member of the Grant**  :
**County Detention Center**    :
**SERVE BY CERTIFIED MAIL**   :
**Grant County Detention Center**  :
**212 Barnes Road**      :
**Williamstown, KY 41097**   :
             :
**and**           :
             :
**ADVANCED CORRECTIONAL**  :
**HEALTHCARE, INC.**     :
**3922 W. Baring Place**     :
**Peoria, IL 61615-2500**    :
**SERVE VIA CERTIFIED MAIL**  :
**Registered Agent**      :

**CT Corporation System** :
**306 W Main Street, Suite 512** :
**Frankfort, KY 40601** :
:
**and** :
:
**EDNA HARRISON, LPN** :
**individually, and in her capacity** :
**as a staff member of the Grant** :
**County Detention Center** :
**SERVE BY CERTIFIED MAIL** :
**Grant County Detention Center** :
**212 Barnes Road** :
**Williamstown, KY 41097** :
:
**and** :
:
**NURSE FELICIA** :
**individually, and in her capacity** :
**as a staff member of the Grant** :
**County Detention Center** :
**SERVE BY CERTIFIED MAIL** :
**Grant County Detention Center** :
**212 Barnes Road** :
**Williamstown, KY 41097** :
:
**and** :
:
**CELESTE KIEFNER** :
**individually, and in her capacity** :
**as a staff member of the Grant** :
**County Detention Center** :
**SERVE BY CERTIFIED MAIL** :
**Grant County Detention Center** :
**212 Barnes Road** :
**Williamstown, KY 41097** :
:
**and** :
:
**UNKNOWN STAFF MEMBERS** :
**OF THE GRANT COUNTY** :
**DETENTION CENTER** :
**individually, and in their** :
**capacities as staff members** :
**SERVE BY CERTIFIED MAIL** :
**and WARNING ORDER ATTORNEY** :

4

**Jailer Terry Peeples**                                    :
**Grant County Detention Center**                           :
**212 Barnes Road**                                         :
**Williamstown, KY 41097**                                  :
                                                            :
                 **DEFENDANTS**                             :

---

## DEFINITIONS

1.     Torture: the infliction of severe pain as a punishment or a forcible means of persuasion.

2.     Vigilante: a member of a self-appointed group of people who undertake law enforcement in their community without legal authority.

3.     Retribution: punishment inflicted in the spirit of moral outrage or personal vengeance.

4.     Physical pain: an unpleasant sensory experience associated with actual or potential tissue damage.

5.     Suffering: experience or be subjected to something bad or unpleasant.

6.     Mental anguish: mental suffering, as distinguished from physical pain, but including the mental reaction to physical pain.

7.     Loss consortium: the loss of a spouse's assistance or companionship, or the loss of a spouse's ability or willingness to have sexual relations.

8.     O-C Spray: Oleoresin Capsicum

9.     SOP: Standard operating procedures of policies protocols.

10.    SOG: Standard operating guidelines.

11.    Cruel and unusual punishment: Forms of punishment for crime prohibited by the Eight Amendment, the United States Constitution, and the Laws of the Commonwealth of Kentucky.

12.     United States Constitution: The Constitution of the United States along with all of the various amendments thereto.

13.     Kentucky Constitution: The Constitution of the Commonwealth of Kentucky as currently in effect along with its associated amendments and sections.

14.     Internal Affairs: A division of any law enforcement agency which investigates incidents and plausible suspicions of law breaking and professional misconduct attributed to officers on the force.  Internal Affairs officers are outside directive command and report solely to the agency's chief or commissioners. (This definition shall also include alternate phraseology for internal affairs which may include Office of Professional Standards, Office of Professional Responsibility, Internal Investigations Division and other similar acronyms.)

## COMPLAINT

Comes now the Plaintiffs, Lonzie Maggard-Owen and William Owen, by and through their attorneys for their Complaint against all Defendants and state:

### COUNT 1

### JURISDICTIONAL ALLEGATIONS

1.     The Plaintiffs are, and at all relevant times hereto residents and domiciliaries of the Commonwealth of Kentucky.

2.     Defendant Grant County Detention Center is, and was at all times relevant hereto, a public detention facility with operation and authority to act within Grant County, Kentucky.

3.     Defendant Grant County Fiscal Court is, and was at all relevant times herein, an arm of the state government of the Commonwealth of Kentucky with operation and authority to act within Grant County, Kentucky.

4.      Defendant Jailer Terry Peeples is, and was at all times relevant hereto, a public official elected to operate the Grant County Detention Center within Grant County, Kentucky, and a resident of Grant County, Kentucky.  Defendant Jailer Terry Peeples was at all times mentioned herein acting individually and/or in his official capacity as Jailer of Grant County, and as such established policies either formally or by custom for, and was responsible for the employment, training, supervision and conduct of, the officers and employees of the Jail, and personally knew about or participated in the mistreatment of Plaintiff described below.

5.      The Defendants, Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins, Deputy McCarthy, Chief Deputy Richard Clise, Edna Harrison, LPN, Nurse Felicia, Celeste Kiefner and other Unknown Defendant Staff Members of the Grant County Detention Center, are officers employed at the Grant County Detention Center by the Grant County Fiscal Court, acting solely within the territorial confines of Grant County, Kentucky.

6.      Plaintiff seeks damages from Defendants under the Civil Rights Act of 1871, 42 U.S.C. § 1983, for gross and unconscionable violations of the rights, privileges and immunities guaranteed her by the Eighth, Tenth and Fourteenth Amendments to the Constitution of the United States.  Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 38 U.S.C. §§ 1331 and 1343.  Plaintiff also seeks damages for negligence, gross negligence, outrageous conduct, intentional infliction of emotional distress, and assault and battery and other damages as outlined in this Complaint.  Grant County, Kentucky is the location of all acts pertinent to this suit, and venue is therefore proper in this Court.

## COUNT 2

## CONSTITUTIONAL VIOLATION

7.      The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every allegation contained within the definitional section and jurisdictional section set out above as if fully recited herein and further state as follows:

8.      Plaintiff, Lonzie Maggard-Owen, as a citizen of the Commonwealth of Kentucky and the United States of America is accorded many rights, freedoms, and benefits under the United States Constitution and the Constitution of the Commonwealth of Kentucky.

9.      Within those constitutional rights enjoyed by Plaintiff Lonzie Maggard-Owen are, inter alia, the right to privacy, the right to be free from cruel and unusual punishment, torture, the intentional negligent, gross negligent infliction of physical and emotional pain and suffering which is both temporary and permanent.

10.     Defendant Grant County Fiscal Court, Defendant Grant County Detention Center, Defendant Jailer Terry Peeples, as well as Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins,  Deputy McCarthy, Chief Deputy Richard Clise, Edna Harrison, LPN, Nurse Felicia, Celeste Kiefner, and other Unknown Defendant Staff Members of the Grant County Detention Center, acting individually and/or in concert with others and in their capacities as employees/agents of Defendants Grant County Fiscal Court, Grant County Detention Center, and/or Jailer Terry Peeples, and in their individual capacities intentionally, grossly, recklessly, or otherwise violated Plaintiff Lonzie Maggard-Owen's right to privacy and to be free from cruel and unusual punishment, torture and physical torment as well as other rights guaranteed by both the United States Constitution and the Constitution of the Commonwealth of Kentucky by the defendants acting individually, collectively or in collusion one with the other in failing to properly monitor, guard, supervise, secure, and protect their prisoners, which resulted in a

vicious attack by any and all of the parties named above upon the person of the Plaintiff Lonzie Maggard-Owen while she was being lodged in the Grant County Detention Center overnight.

11.     Defendant Grant County Fiscal Court, Defendant Grant County Detention Center, Defendant Jailer Terry Peeples, as well as Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins,  Deputy McCarthy, Chief Deputy Richard Clise, Edna Harrison, LPN, Nurse Felicia, Celeste Kiefner, and other Unknown Defendant Staff Members of the Grant County Detention Center, acting individually and in their capacities as employees/agents of Defendants Grant County Fiscal Court, Grant County Detention Center, and/or Jailer Terry Peeples, intentionally, recklessly, or otherwise violated Plaintiff Lonzie Maggard-Owen's rights guaranteed under 42 U.S.C. § 1983, such as the right to be free from physical violence and her right to receive medical care, as well as the parallel provisions of the Kentucky Revised Statutes to be free from the deprivation of her rights, privileges, and/or immunities secured by the United States Constitution, the Constitution of the Commonwealth of Kentucky, and other laws of the United States and the Commonwealth of Kentucky by failing to properly monitor, guard, supervise, secure, and protect their prisoners, which resulted in the violent attack by any and all of the persons named herein upon Plaintiff Lonzie Maggard-Owen while she was being lodged overnight for a Fish and Game violation, on the premises of Defendant Grant County Detention Center, by any, all or in collusion with those persons or entities named above, acting in their official capacity, in their individual capacity.

12.     As a direct, proximate, and foreseeable result of the constitutional and statutory violations by Defendant Grant County Fiscal Court, Defendant Grant County Detention Center, Defendant Jailer Terry Peeples, as well as Defendants Deputy Audra Napier, Deputy Stephanie

Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins,  Deputy McCarthy, Chief Deputy Richard Clise, Edna Harrison, LPN, Nurse Felicia, Celeste Kiefner, and other Unknown Defendant Staff Members of the Grant County Detention Center, acting in their official capacities and individually, Plaintiff Lonzie Maggard-Owen suffered mental pain, trauma, and physical injury to her person of a temporary and permanent nature, all to her detriment and for which she should be compensated accordingly.

## COUNT 3

## ASSAULT

13.    The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

14.    On July 14, 2013, at approximately 7:00 p.m., the Plaintiff Lonzie Maggard-Owen, a 47-year-old female weighing approximately 154 pounds, was arrested by the Kentucky State Police for a violation of the Laws of the Commonwealth of Kentucky relating to fish and wildlife resources.

15.    The Plaintiff Lonzie Maggard-Owen was transported to the Grant County Detention Center by agents of the Kentucky State Police.

16.    While being lodged at the Grant County Detention Center the Plaintiff Lonzie Maggard-Owen was allowed to roam about the facility without any supervision by the staff of the Grant County Detention Center.

17.    The Plaintiff Lonzie Maggard-Owen was not properly sent through the intake procedures and was not checked by the nursing staff to determine if she had any health concerns.

18.    The Plaintiff Lonzie Maggard-Owen passed out and fell to the concrete floor.

10

19.     The staff members of the Defendant agency did not check her condition, but immediately placed her in a restraint chair.

20.     The Plaintiff Lonzie Maggard-Owen made complaints to the unprofessional, undisciplined, unregulated, ill trained, immoral, vindictive and tyrannical staff members of injury to her head and neck and that they were causing her physical pain.

21.     At a time when the Plaintiff Lonzie Maggard-Owen was fully restrained by not less than four (4) staff members, the Plaintiff Lonzie Maggard-Owen was sprayed in the face and person with O-C Spray.

22.     Various staff members of the Grant County Detention Center, acting individually, in concert with one another or in collusion with one another, before, during and after assaulting and battering the person of the plaintiff Lonzie Maggard-Owen caused her to be physically and emotionally harmed, caused the same to be video taped with a hand held audio/video recording.

## COUNT 4

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23.     The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

24.     The conduct of the staff of the Grant County Detention Center and all persons previously named herein constitutes an intentional, negligent, grossly negligent and/or vindictive or vicious act constituting torture which offends the conscience of ordinary citizens and was calculated to deviate from the standard of care and conduct of decent society.

25.     Such actions were extreme, unnecessary, outrageous, intolerable and were a direct and proximate result of malicious planning and forethought, including but not limited to unprofessional, unregulated, undisciplined, by some or all of the named defendants.

26.     As a direct and proximate result of the actions of the staff members and contract employees and contract agencies of the Grant County Detention Center, the plaintiff, Lonzie Maggard-Owen suffered severe emotional distress and trauma of both a temporary and permanent nature.

## COUNT 5

## NEGLIGENCE

27.     The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

28.     Upon arrival at the Grant County Detention Center the  plaintiff, Lonzie Maggard-Owen was taken to a room adjacent to the garage/sallie port owned and operated by the Grant County Detention Center.

29.     At all times prior to being left by the agent of the Kentucky State Police the plaintiff, Lonzie Maggard-Owen was polite, cooperative, courteous and jovial with the Kentucky State Police Officers.

30.     The person of the  plaintiff, Lonzie Maggard-Owen was examined by staff members of the Grant County Detention Center to insure she was not a danger to herself, others and/or staff members, and that no items of contraband were being transported into the Grant County Detention Center.

31.     No items were taken from the  plaintiff, Lonzie Maggard-Owen in the presence of the trooper.

32.     The  plaintiff, Lonzie Maggard-Owen was escorted further into the Grant County Detention Center by known and unknown staff members, in no form of restraining devices and asked to sit on a metal bench.

33.     The  plaintiff, Lonzie Maggard-Owen was left unattended for an extended period of time and was allowed to use the restroom, and roam freely about the area in which she was confined, by electronic locking doors.

34.     The  plaintiff, Lonzie Maggard-Owen approached the empty unattended "booking" desk, threw Deputy Napier's dinner upon the floor and returned to her seat.

35.     The  plaintiff, Lonzie Maggard-Owen collapsed and fell to the concrete floor and, without being assessed by staff members or the nurse, one deputy stepped over her to go get a restraint chair, contrary to the SOPs and SOGs then in effect or which with due diligence should have been in effect, which constitutes complete indifference to the health and welfare of the person of the plaintiff.

36.     While in the chair and prior to the vicious and unprovoked assault by Napier, Cooper, Madden, Hensley and Whiley, the  plaintiff, Lonzie Maggard-Owen complained of injuries to her head and neck as a result of the fall.

37.     The jailer and his supervisory staff have so negligently trained or failed to train the staff that it constitutes gross negligence and wanton conduct, resulting in less than professional conduct by the employees and further encourages such unprofessional conduct.

## COUNT 6

### INFLICTION OF EMOTIONAL DISTRESS

38.     The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

39.     Defendant Grant County Fiscal Court, Defendant Grant County Detention Center, Defendant Jailer Terry Peeples, as well as Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins,  Deputy McCarthy, Chief Deputy Richard Clise, Edna Harrison, LPN, Nurse Felicia, Celeste Kiefner, and other Unknown Defendant Staff Members of the Grant County Detention Center, were wanton, reckless and/or grossly negligent in there course of conduct.

40.     As a direct and proximate result of the actions of the Defendant Grant County Fiscal Court, Defendant Grant County Detention Center, Defendant Jailer Terry Peeples, as well as Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins,  Deputy McCarthy, Chief Deputy Richard Clise, Edna Harrison, LPN, Nurse Felicia, Celeste Kiefner, and other Unknown Defendant Staff Members of the Grant County Detention Center, the Plaintiff Lonzie Maggard-Owen has and will continue to suffer severe emotional distress.

## COUNT 7

## RESPONDEAT SUPERIOR

41.     The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

42.     The Defendant Grant County Fiscal Court, Defendant Grant County Detention Center, Defendant Jailer Terry Peeples, as well as Defendants Deputy Audra Napier, Deputy

Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins,  Deputy McCarthy, Chief Deputy Richard Clise, Edna Harrison, LPN, Nurse Felicia, Celeste Kiefner, and other Unknown Defendant Staff Members of the Grant County Detention Center are vicariously liable under the theory of Respondeat Superior for those individual defendants' intentional, reckless, wanton, negligent and/or gross negligent acts performed or failed to be performed during the course of and within their scope of employment due to the fact that, at all times relevant hereto, the Grant County Fiscal Court employed the Defendants.  In addition all the Defendants are jointly, severably and individually for their own acts of either intentional or unintentional wanton, negligent or grossly negligent acts and acts of conspiracy mentioned herein.

43.     Defendant Grant County Fiscal Court, Defendant Grant County Detention Center, Defendant Jailer Terry Peeples, as well as Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins,  Deputy McCarthy, Chief Deputy Richard Clise, Edna Harrison, LPN, Nurse Felicia, Celeste Kiefner, and other Unknown Defendant Staff Members of the Grant County Detention Center, is vicariously liable under the theory of Respondeat Superior for those individual Defendants' intentional, reckless, and negligent acts performed during the course of and within the scope of their employment due to the fact that, at all relevant times, Defendant Jailer Terry Peeples employed said Defendants. Additionally, said Defendants are individually liable for their own intentional, reckless, and negligent actions heretofore mentioned.

44.     Defendant Chief Deputy Jailer Richard Clise, by and through his employees and/or agents, Defendant Deputy Audra Napier, Defendant Deputy Stephanie Cooper, Defendant Deputy Dustin Madden, Defendant Deputy Shane Hensley, Defendant Deputy Sheila Whiley,

Defendant Deputy Jason Hankins, Defendant Deputy McCarthy, Defendant Edna Harrison, LPN, Defendant Nurse Felicia, Defendant Celeste Kiefner, as well as Unknown Defendant Staff Members of the Grant County Detention Center, is vicariously liable under the theory of Respondeat Superior for those individual defendants' intentional, reckless, and negligent acts performed during the course of and within the scope of their employment due to the fact that, at all relevant times, Defendant Chief Deputy Jailer Richard Clise employed, supervised and trained said Defendants. Additionally, said Defendants are individually liable for their own intentional, reckless, and negligent actions heretofore mentioned.

## COUNT 8

## NEGLIGENT SUPERVISION

45.     The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

46.     Defendant Grant County Fiscal Court failed to adequately supervise the actions and conduct of its agents and/or employees under its charge, Defendant Grant County Fiscal Court, Defendant Grant County Detention Center, Defendant Jailer Terry Peeples, as well as Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins,  Deputy McCarthy, Chief Deputy Richard Clise, Edna Harrison, LPN, Nurse Felicia, Celeste Kiefner, and other Unknown Defendant Staff Members of the Grant County Detention Center, in the facilities owned, operated, and/or controlled by Defendant Grant County Fiscal Court and/or Defendant Grant County Detention Center and is therefore liable for the injuries sustained by Plaintiff Lonzie Maggard-Owen.

47.     Defendant Grant County Detention Center failed to adequately supervise the actions and conduct of its agents and/or employees, contract agencies or agents under its charge, Defendant Jailer Terry Peeples, Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins, Deputy McCarthy, Chief Deputy Richard Clise, Edna Harrison, LPN, Nurse Felicia, Celeste Kiefner, as well as Unknown Defendant Staff Members of the Grant County Detention Center, and contract agencies and agents, in the facilities owned, operated, and/or controlled by Defendant Grant County Fiscal Court and/or Defendant Grant County Detention Center and is therefore liable for

the injuries sustained by Plaintiff Lonzie Maggard-Owen.

48.     Defendant Jailer Terry Peeples, in his official capacity and individually, failed to adequately supervise, train and discipline the actions and conduct of his agents and/or employees under his charge, Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins,  Deputy McCarthy, Chief Deputy Richard Clise, Edna , Nurse Felicia, Celeste Kiefner, as well as Unknown Defendant Staff Members of the Grant County Detention Center, in the facilities owned, operated, and/or controlled by Defendant Grant County Fiscal Court and/or Defendant Grant County Detention Center and is therefore liable for the injuries sustained by Plaintiff Lonzie Maggard-Owen.

49.     Defendant Chief Deputy Richard Clise, in his official capacity and individually, failed to adequately supervise, train and discipline the actions and conduct of the agents and/or employees under his charge, Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins,

Deputy McCarthy, Edna Harrison, LPN, Nurse Felicia, Celeste Kiefner, as well as Unknown Defendant Staff Members of the Grant County Detention Center, contract agencies and/or contract agents known or unknown to this Plaintiff, in the facilities owned, operated, and/or controlled by Defendant Grant County Fiscal Court and/or Defendant Grant County Detention Center and is therefore liable for the injuries sustained by Plaintiff Lonzie Maggard-Owen.

50.     As a direct, proximate, and foreseeable result of Defendant Grant County Fiscal Court's negligent supervision of Defendant Grant County Fiscal Court, Defendant Grant County Detention Center, Defendant Jailer Terry Peeples, as well as Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins,  Deputy McCarthy, Chief Deputy Richard Clise, Edna Harrison, LPN, Nurse Felicia, Celeste Kiefner, and other Unknown Defendant Staff Members of the Grant County Detention Center, those individual Defendants' aforementioned intentional, reckless, and negligent conduct caused Plaintiff Lonzie Maggard-Owen to sustain severe and grievous mental pain, trauma, and injury to her person of a temporary and permanent nature as set forth herein.

51.     As a direct, proximate, and foreseeable result of Defendant Grant County Fiscal Court, Defendant Grant County Detention Center, Defendant Jailer Terry Peeples, as well as Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins,  Deputy McCarthy, Chief Deputy Richard Clise, Edna Harrison, LPN, Nurse Felicia, Celeste Kiefner, and other Unknown Defendant Staff Members of the Grant County Detention Center, those individual Defendants' aforementioned intentional, reckless, and negligent conduct caused Plaintiff Lonzie Maggard-Owen to sustain severe and grievous mental pain, trauma, and injury to her person of a temporary and permanent nature as set forth herein.

18

52.     As a direct, proximate, and foreseeable result of Defendant Jailer Terry Peeples' intentional, gross negligent and/or negligent supervision and failure to train and discipline Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins,  Deputy McCarthy, Chief Deputy Richard Clise, Edna Harrison, LPN, Nurse Felicia, Celeste Kiefner, as well as Unknown Defendant Staff Members of the Grant County Detention Center, those individual Defendants aforementioned intentional, reckless, and negligent conduct caused Plaintiff Lonzie Maggard-Owen to sustain torture, severe and grievous mental pain, trauma, and injury to her person of a temporary and permanent nature as set forth herein.

53.     As a direct, proximate, and foreseeable result of Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins,  Deputy McCarthy, Chief Deputy Richard Clise, Edna Harrison, LPN, Nurse Felicia, Celeste Kiefner, as well as Unknown Defendant Staff Members of the Grant County Detention Center, those individual Defendants' aforementioned intentional, reckless, negligent, gross negligent, conspiratorial and malicious conduct caused Plaintiff Lonzie Maggard-Owen to sustain, torture, cruel and unusual punishment, severe and grievous mental pain, trauma, and injury to her person of a temporary and permanent nature as set forth herein.

54.     As a direct, proximate, and foreseeable result of the aforementioned intentional, reckless, and negligent acts of said individual defendants, Plaintiff Lonzie Maggard-Owen was caused to sustain severe and grievous mental pain, trauma, and injury to his person of a temporary and permanent nature as set forth herein.

## COUNT 9

## INADEQUATE TRAINING

19

55.     The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

56.     The Defendant Grant County Fiscal Court by the employees of or contracts with the agents or agencies contracted or hired to perform security functions failed to provided adequate training which would have prevented the events complained of herein.

57.     As a direct result of the Defendant Grant County Fiscal Court's failure to require proper training and discipline of any and all of the employees and/or agents known or unknown to this Plaintiff, the Plaintiff Lonzie Maggard-Owen suffered, as a direct and proximate result of the failure of the Grant County Fiscal Court, severe physical and emotional trauma and injuries.

**COUNT 10**

**CONDUCT TO PREJUDICE OF GOOD ORDER AND DISCIPLINE**

58.     The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

59.     Defendant Grant County Fiscal Court, Defendant Grant County Fiscal Court, Defendant Grant County Detention Center, Defendant Jailer Terry Peeples, as well as Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins,  Deputy McCarthy, Chief Deputy Richard Clise, Edna Harrison, LPN, Nurse Felicia, Celeste Kiefner, and other Unknown Defendant Staff Members of the Grant County Detention Center, acting individually and/or in concert with others and in their capacities as employees/agents of Defendants Grant County Fiscal Court, Grant County Detention Center, and/or Jailer Terry Peeples, intentionally, grossly,

recklessly, or otherwise violated Plaintiff Lonzie Maggard-Owen's right to privacy and to be free from cruel and unusual punishment, torture and physical torment as well as other rights guaranteed by both the United States Constitution and the Constitution of the Commonwealth of Kentucky by the defendants acting individually, collectively or in collusion one with the other in failing to properly monitor, guard, supervise, secure, and protect their prisoners, which resulted in a vicious attack by any and all of the parties named above upon the person of the Plaintiff Lonzie Maggard-Owen while she was being lodged in the Grant County Detention Center overnight.

60.     Failure to properly supervise, train and discipline subordinate employees by any and all of the agencies and actors named above created an unprofessional environment wherein the defendants named herein were free to act in violation of the SOPs, SOGs and personnel policies of the County of Grant and created an environment where others attempting to follow the SOPs, SOGs and personnel policies were placed in an environment where they feared retribution by supervisors and/or their conspirators named herein both known and unknown.

61.     The Grant County Fiscal Court, the Grant County Detention Center, Jailer Terry Peeples knew or should have known that the creation of an environment where there is not order and/or discipline would allow and/or encourage the activities complained of herein.

62.     As a direct and proximate cause of the intentional, gross negligent, negligent actions which created an environment wherein employees both known and unknown could act with impunity and disregard to the SOPs, SOGs and personnel policies, the person of the plaintiff Lonzie Maggard-Owen was subjected to torture, cruel and unusual punishment, retribution, vengeance which is repugnant to persons with good morals and is shocking to the

conscience of reasonable persons and she has suffered and will continue to suffer extreme physical and emotional harm both temporary and permanent.

## COUNT 11

### FAILURE TO INVESTIGATE

63.     The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

64.     The Defendants Deputy Jason Hankins and Deputy McCarthy are and/or were the internal affairs investigators and/or supervisors of some or all of the named Defendants herein, both known and unknown.

65.     These investigators failed to adequately protect documentary evidence of the events of July 14, 2013.

66.     These investigators having previously investigated the others named herein and failed to charge them with the appropriate violations of jail policies to recommend discipline, retraining and/or firing.

67.     The Defendant Terry Peeples failed to properly supervise his employees and intentionally, wantonly or neglectfully failed to adequately protect the documentary evidence created by the events of July 14, 2013, and thereafter.

68.     The Defendant Terry Peeples knew or should have known of the propensity of Deputy Audra Napier to disregard jail policies.

69.     The Defendant Terry Peeples was, prior to the events herein, in possession of documentary evidence that would have required the firing of Defendant Deputy Audra Napier.

70.     The Defendant Terry Peeples has the ability to monitor all conversation in his office and has failed to preserve and make a proper record of the events of July 14, 2013, and all meeting with any of the persons named herein and subsequent meetings thus causing him to be a co-conspirator after the fact with Defendant Deputy Audra Napier for the injuries inflicted upon the person of the Plaintiff Lonzie Maggard-Owen.

71.     Numerous meetings with the Defendant Deputy Audra Napier and Defendant Jailer Terry Peeples were, could of and should have been properly recorded, both audibly and visually.

72.     Such meetings were for the purpose of coaching and conspiring with Defendant Deputy Audra Napier and others by Defendant Jailer Terry Peeples in an attempt to cover up and/or change the allegations to be made by Defendant Deputy Audra Napier after she had asserted her constitutional rights.

73.     All of the meetings mentioned between the Defendant Jailer Terry Peeples, acting in both his official and individual capacity, with any of the actors, conspirators or co-conspirators were for the purpose of denying the constitutionally protected rights and privileges of a citizen of the Commonwealth of Kentucky and the United States of America, such conspiracy to deny the rights and privileges of citizen who had not been convicted of a crime was to prepare to lye, deceive, cover up and dismiss the actions of all of the parties named herein in an attempt to deceive others into believing that the Plaintiff Lonzie Maggard-Owen deserved the torturous, cruel and unusual punishment inflicted upon her, causing physical and emotional pain and suffering of both a temporary and permanent nature.

## COUNT 12

## CONSPIRACY

74.     The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

75.     The Defendant Deputy Audra Napier conspired to apply O-C Spray to the person of the Plaintiff Lonzie Maggard-Owen, prior to such action with others in the Grant County Detention Center owned and operated by the Grant County Fiscal Court, with others known and unknown to the Plaintiff Lonzie Maggard-Owen both before and after the fact.

76.     At a time prior to the Plaintiff Lonzie Maggard-Owen being rendered helpless by four (4) or more employees of the Grant County Detention Center, the Defendant Deputy Audra Napier called for one or more of the deputies known and unknown to lock down "X-block".

77.     The deputies were called from "X-block" to assist with the placement of the Plaintiff Lonzie Maggard-Owen in the restraint chair prior to the Plaintiff, Lonzie Maggard-Owen falling to the floor, denoting malice aforethought on behalf of the Defendant Deputy Audra Napier.

78.     Prior to the placement of the Plaintiff Lonzie Maggard-Owen in the restraint chair, the Defendant Deputy Audra Napier said she would mace the "bitch" in reference to the person of the Plaintiff Lonzie Maggard-Owen.

79.     The Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Shelia Whiley and Edna Harrison, LPN in furtherance of the conspiracy to torture, injure and permanently harm the person of the Plaintiff Lonzie Maggard-Owen for throwing the Defendant Deputy Audra Napier's supper in the floor, restrained, maced and did not cause any necessary medical treatment to relieve the burning of the

Plaintiff Lonzie Maggard-Owen's skin, damage to the Plaintiff Lonzie Maggard-Owen's eyes at a time when they knew she had punctal plugs and respiratory harm.

80.     The activities of the co-conspirators, Jailer Terry Peeples, Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley and Edna Harrison, LPN, constitute cruel and unusual punishment and torture, all in violation of the Constitutions of the Commonwealth of Kentucky and the United States of America, resulting in physical and emotional pain and suffering of both a temporary and permanent nature to the person of the Plaintiff Lonzie Maggard-Owen.

## COUNT 13

## MALFEASANCE BY JAILER TERRY PEEPLES

81.     The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

82.     The actions or inactions of the Defendant Terry Peeples constitute misfeasance, malfeasance and neglect of official duties as set forth in §227 of the Kentucky Constitution.

83.     The Defendant Jailer Terry Peeples left his office unattended and failed to insure that appropriate supervisory persons were in place to insure the safe operation of the jail and those persons lodged therein.

84.     The Defendant Terry Peeples, prior to the events of July 14, 2013 was, should have been aware or intentionally chose to ignore activity of any of his co-defendants to violate the policies and or procedures of the Grant County Detention Center.

85.     The Defendant Jailer Terry Peeples had been specifically put on notice of the actions of the Defendant Deputy Audra Napier which violated the policies and procedures of the Grant County Detention Center.

86.     The Defendant Jailer Terry Peeples took no steps to insure the safety and well being of inmates or other staff from the dangerous, vile, vindictive, violent, insubordinate, mean, unprofessional actions of the Defendant Deputy Audra Napier, and the other Defendants named herein, both known and unknown.

## COUNT 14

## MALFEASANCE BY CHIEF DEPUTY CLISE

87.     The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

88.     The actions or inactions of the Defendant Chief Deputy Richard Clise constitute misfeasance, malfeasance and neglect of official duties as set forth in §227 of the Kentucky Constitution.

89.     The Defendant Chief Deputy Richard Clise left his office unattended and failed to insure that appropriate supervisory persons and the subordinate deputies were properly trained and were in place to insure the safe operation of the jail and those persons lodged therein.

90.     The Defendant Chief Deputy Richard Clise, prior to the events of July 14, 2013 was, should have been aware or intentionally chose to ignore activity of any of his co-defendants to violate the policies and or procedures of the Grant County Detention Center.

91.     The Defendant Chief Deputy Richard Clise had been specifically put on notice of the actions of the Defendant Deputy Audra Napier which violated the policies and procedures of the Grant County Detention Center.

92.     The Defendant Chief Deputy Richard Clise took no steps to insure the safety and well being of inmates or other staff from the dangerous, vile, vindictive, violent, insubordinate, mean, unprofessional actions of the Defendant Deputy Audra Napier.

## COUNT 15

## CIVIL RIGHTS

93.     The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

94.     The actions, inactions, conspiracies, neglect, negligence, gross negligence and/or intentional acts and/or malfeasance by any and all of the defendants named herein deprived the Plaintiff Lonzie Maggard-Owen of rights, privileges and immunities provided by the United States Constitution, the Laws of the United States and the Commonwealth of Kentucky.

95.     All of the individuals named herein are jointly and severably liable for the injuries sustained by the Plaintiff Lonzie Maggard-Owen which constitute torture, mistreatment, cruel and unusual punishment all stemming from a minor fish and game violation, and the act of throwing Defendant Deputy Audra Napier's supper on the floor.

96.     The Plaintiff Lonzie Maggard-Owen was not combative nor assaultive nor threatening to others prior to restraint which would constitute a danger to self or others.

97.     None of the conspiring Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila  Whiley or Edna

Harrison, LPN, took any steps which are required by policy to decontaminate and to relieve the substantial physical pain, suffering and mental anguish of the Plaintiff Lonzie Maggard-Owen, constituting torture and curel punishment and/or retribution.

98.     The conspiring Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila  Whiley or Edna Harrison, LPN, allowed and required the Plaintiff Lonzie Maggard-Owen to remain in the restraint chair for hours without properly or even attempting to decontaminate or neutralize the caustic and painful effects of the O-C Spray used by Defendant Deputy Audra Napier upon the person of the Plaintiff Lonzie Maggard-Owen.

99.     The Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila  Whiley or Edna Harrison, LPN, knew or should having known the contents of the Grant County Detention Center's Standard Operating Procedures and/or guidelines, did not, after the expiration of an extended period of time, cause the effects of the O-C Spray to be neutralized in violation of these policies, in furtherance of the plan to inflict upon the person of the Plaintiff Lonzie Maggard-Owen retribution and cruel treatment.

## COUNT 16

## SPOILATION OF EVIDENCE

100.     The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

101.    The Defendants Deputy Jason Hankins and Deputy McCarthy, knowing they had a duty to arrest the co-conspirators, failed to do so and have continued to fail to do so.

102.    The Defendants Deputy Jason Hankins and Deputy McCarthy failed to properly document and secure all documentary evidence of the injuries inflicted upon the person of the Plaintiff Lonzie Maggard-Owen, which would include all hard drives and recordings of the operator of the Grant County Detention Center.

103.    The Defendants Deputy Jason Hankins and Deputy McCarthy, knowing they had a duty to cause the termination and/or suspension of the conspiring Defendants, failed to properly record and/or document the actions of the conspiring Defendants, by preserving the evidence of the records of the conspiring Defendants both prior to and following the actions complained of herein.

COUNT 17

PHYSICAL INJURIES TO WILLIAM OWEN

104.    The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

105.    As a direct and proportionate cause of the actions of the conspiring Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Edna Harrison, LPN, Jailer Terry Peeples, Chief Deputy Richard Clise and other conspiring and/or co-conspirators name herein, both known and unknown to this Plaintiff, the Plaintiff William Owen was cross contaminated with the effects of the O-C Spray applied to the person and clothing of the  Plaintiff Lonzie Maggard-Owen.

106.    The Plaintiff William Owen, as a direct and proportionate result of the cross-contamination, has suffered and will continue to suffer great physical pain, trauma and emotional damage.

## COUNT 18

### LOSS OF CONSORTIUM

107.    The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

108.    The Plaintiff William Owen is the husband of the Plaintiff Lonzie Maggard-Owen, and was joined in marriage with her on the 23rd day of June, 2013.

109.    Subsequent to the events outlined herein the Plaintiff William Owen has lost the companionship, services, affections and love of Lonzie Maggard-Owen.

110.    The events complained of herein have caused the physical and emotional separation of the plaintiffs, and were directly and proximately caused by the actions and inactions, gross negligence, negligence or conspiracy between and by any and all of the defendants named herein both known and unknown.

## COUNT 19

### BREACH OF MEDICAL STANDARD OF CARE

111.    The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

112.    The Plaintiff Lonzie Maggard-Owen was seen by Defendant Edna Harrison, LPN at the time she was assaulted by the other conspiring Defendants Deputy Audra Napier, Deputy

Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley and others.

113.    Defendant Edna Harrison LPN was a witness and co-conspirator in the assault of the Plaintiff Lonzie Maggard-Owen.

114.    Defendant Edna Harrison LPN intentionally, wantonly and recklessly allowed others to cause physical harm to the plaintiff Lonzie Maggard-Owen who was not a threat to herself or others.

115.    Defendant Edna Harrison LPN, after the Plaintiff Lonzie Maggard-Owen was restrained in the restraint chair by others allowed Defendant Deputy Audra Napier to inflict physical injury upon the person of the Plaintiff Lonzie Maggard-Owen.

116.    Defendant Edna Harrison LPN, after the person of the Plaintiff Lonzie Maggard-Owen was fully strapped to the restraint chair, took no affirmative steps to re-mediate or reduce the caustic effects of the O-C Spray to the flesh, eyes and respiratory system of the Plaintiff Lonzie Maggard-Owen, knowing or should having known she had a medical duty to do so.

117.    Defendant Edna Harrison LPN had been informed the Plaintiff Lonzie Maggard-Owen had punctal plugs and knew or should have known the extraordinary trauma which was then occurring to the person of the Plaintiff Lonzie Maggard-Owen.

118.    Defendant Edna Harrison LPN assisted in the video taping of the events when she had a duty to stop the assault upon the person of the Plaintiff Lonzie Maggard-Owen.

119.    Defendant Edna Harrison LPN allowed and permitted the cruel and unusual punishment inflicted upon the person of the Plaintiff Lonzie Maggard-Owen to continue in excess of an hour.

120.    Defendant Edna Harrison LPN, at a time when it was reasonable for her to do so, failed to adequately protect and treat the Plaintiff Lonzie Maggard-Owen when she was or should have been her patient.

121.    The actions and/or inactions of Defendant Edna Harrison LPN constitute a deviation of reasonable standards of nursing care.

122.    The actions of Defendant Edna Harrison LPN constitute negligence, gross negligence, wanton and intentional conduct in conspiracy with others to deny the Plaintiff Lonzie Maggard-Owen the rights and privileges of a citizen of the Commonwealth of Kentucky and the United States of America.

## COUNT 20

## RESPONDEAT SUPERIOR AS TO ADVANCED CORRECTIONAL HEALTHCARE, INC.

123.    The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

124.    The Defendant Grant County Fiscal Court, Defendant Grant County Detention Center, Defendant Jailer Terry Peeples, as well as Defendants Deputy Audra Napier, Deputy Stephanie Cooper, Deputy Dustin Madden, Deputy Shane Hensley, Deputy Sheila Whiley, Deputy Jason Hankins,  Deputy McCarthy, Chief Deputy Richard Clise, Edna Harrison LPN, Nurse Felicia, Celeste Kiefner, and other Unknown Defendant Staff Members of the Grant County Detention Center and Advanced Correctional Healthcare, Inc., are vicariously liable under the theory of Respondeat Superior for those individual Defendants' intentional, reckless, wanton, negligent and/or gross negligent acts performed or failed to be performed during the course of and within their scope of employment due to the fact that, at all times relevant hereto,

the Grant County Fiscal Court employed the defendants.  In addition all the Defendants are jointly and individually liable for their own acts of either intentional or unintentional wanton, negligent or grossly negligent acts mentioned herein.

125.   Defendant Nurse Felicia, by and through her employees and/or agents, Defendant Edna Harrison LPN, Defendant Nurse Felicia, as well as Unknown Defendant Staff Members of the Grant County Detention Center, is vicariously liable under the theory of Respondeat Superior for those individual Defendants' intentional, reckless, and negligent acts performed during the course of and within the scope of their employment due to the fact that, at all relevant times, Defendant employed said Defendants and placed them under the supervision of Nurse Felicia. Additionally, said Defendants are individually liable for their own intentional, reckless, and negligent actions heretofore mentioned.

**COUNT 21**

**VIOLATION OPEN RECORDS KRS CHAPTER 61**

126.   The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

127.   The Plaintiff Lonzie Maggard-Owen caused to be served upon the Defendant Jailer Terry Peeples an Open Records Request pursuant to KRS Chapter 61.

128.   The Plaintiff Lonzie Maggard-Owen has received two videos denoted as detox view and control view.  No other documents, recordings, videos or audios have been received by her or her counsel prior to Tuesday August 13, 2013.

129.   Such request was made to prevent the Defendant Jailer Terry Peeples from destroying, altering, changing, amending or otherwise spoiling evidence which he knew or

33

should have known would be necessary for the prosecution of this action, or allowing the same to be done by others.

130.   No written objections have been forwarded to counsel for the Plaintiff Lonzie Maggard-Owen as of August 13, 2013.

131.   The Plaintiff Lonzie Maggard-Owen would concede that an objection to providing a copy of the floor plans denoting the location of all security cameras might possibly lie as a security concern, no written objection has been forwarded to counsel for the Plaintiff as of August 13, 2013.

132.   There have been no showing or demonstration that any affirmative steps have been taken to prevent any of the named Defendants and/or others from destroying and/or failing to preserve the documentary evidence, which would include computer hard drives, which would contain the metadata as to when documents were created, stored, altered or amended, as set forth in the Plaintiff Lonzie Maggard-Owen's Open Records Request as signed and received by Jailer Terry Peeples on July 29, 2013.

## COUNT 22

## FAILURE TO PRODUCE MEDICAL RECORDS

133.   The Plaintiffs hereby reaffirm, reiterate, and incorporate by reference each and every affirmative allegation contained heretofore or hereinafter alleged as if fully recited herein and further state as follows:

134.   The Plaintiff Lonzie Maggard-Owen did cause to be served simultaneously with her Open Records Request a request to be provided with all of her medical records required to be maintained by any and/or all of the defendants named herein.

135.    The Defendant Edna Harrison LPN, as a co-conspirator and/or co-actor with all of the entities afore named, should have maintained a proper medical log of any and all contact she had with the Plaintiff Lonzie Maggard-Owen.

136.    Those medical records are necessary for the prosecution of the medical malpractice claims as set forth as against Defendant Edna Harrison LPN, Defendant Nurse Felicia and unknown Defendant employer/sub contractor who is alleged to provide medical care to the Plaintiff Lonzie Maggard-Owen.

137.    Such failure to produce the Plaintiff Lonzie Maggard-Owen's medical records is further indication of the medical malpractice perpetrated upon the Plaintiff Lonzie Maggard-Owen by all of the Defendants named herein and other unnamed Defendants who participated in the conspiracy to cause physical and emotional harm, both temporary and permanent, to the person of the Plaintiff Lonzie Maggard-Owen.

## PRAYER FOR RELIEF

**NOW WHEREFORE**, the Plaintiffs, Lonzie Maggard-Owen and William Owen, respectfully demand that this court grant unto them the following relief inter ala:

1.    A judgment against all Defendants, known and unknown, on each cause of action in a fair and reasonable amount for compensatory damages for the injuries sustained by them for the callus, intentional, vindictive, malicious, negligent, gross negligent injuries inflicted upon them by any of the parties named herein and their known or unknown associates, agents, conspirators, and/or collaborators;

2.    That a jury of the citizens of this judicial district be impaneled as the trier of fact to determine the truth of the factual allegations contained herein and to assess a reasonable sum to compensate the Plaintiffs;

3.      That a jury of the citizens of this judicial district be impaneled to assess punitive

damages as against the Defendants named herein and/or any and all parties known and unknown

who conspired with any party to cause any harm to the Plaintiffs herein in order to insure that

such callus and repugnant activities will never again be participated in by any party hereto or any

future party who would consider engaging in such vile acts;

4.      That this court award unto these Plaintiffs all of their court costs and expenses

along with reasonable compensation to their attorneys of record herein as well as any and all

other relief this court deems just, fair and equitable, all premises having been fully and

completely considered.

                              Respectfully submitted,
                              WALLACE BOGGS, PLLC


                              /s/Jeffrey C. Shipp
                              JEFFREY C. SHIPP (81414)
                              SCOTT A. BEST (88844)
                              300 Buttermilk Pike, Suite 100
                              Ft. Mitchell, KY 41017
                              Telephone: (859) 341-4366
                              Facsimile: (859) 331-5337
                              Email: jshipp@wallaceboggs.com
                                      sbest@wallaceboggs.com


                              John Brent Threlkeld (83866)
                              THRELKELD & THRELKELD, P.S.C.
                              409 N. Main Street
                              P. O. Box 277
                              Williamstown, KY 41097-0277
                              Telephone: (859) 824-3302
                              Facsimile: (859) 824-3303
                              Email: threlkeld@fuse.net

Pete Whaley (92162)
1300 N. Main Street, Suite 3
Williamstown, KY 41097
Telephone: (859) 824-5075
Facsimile: (859) 824-2062
Email: kypete@zoomtown.com

***Attorneys for Plaintiffs***